# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EMMANUEL SANCHEZ, | ) |
| Petitioner, | ) |
| v. | ) No. 4:19-cv-2498-PLC |
| TERI LAWSON, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE

This matter is before the Court upon Petitioner Emmanuel Sanchez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Because the petition appears to be time-barred, the Court will order Petitioner to show cause why it should not be dismissed.

Petitioner is presently incarcerated at the Farmington Correctional Center. On October 10, 2013, he pleaded guilty to voluntary manslaughter, two counts of armed criminal action, second-degree assault, and marijuana possession. *State v. Emmanuel Sanchez,* No. 1122-CR05672-01 (22nd Jud. Cir. 2013). On that same date, he was sentenced to serve a total of 15 years in prison. He did not seek direct review.

On November 8, 2013, Petitioner filed a motion for post-conviction relief in state court. The docket sheet for that proceeding reports that on November 22, 2013, Petitioner's post-conviction motion was dismissed "by the parties." *See Emmanuel Sanchez v. State,* No. 1322-CC09896 (22nd Jud. Cir. 2013). Petitioner does not aver, nor does independent inquiry reveal, that he sought in state court any further relief from the judgment in his criminal case.

Petitioner signed his petition on August 26, 2019 and it was docketed in this Court on September 5, 2019, the date the Court received it. Applying the prison mailbox rule, *Nichols v.*

*Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc), and giving Petitioner the benefit of the signature date, see *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002), the Court determines the instant petition was filed on August 26, 2019, the date Petitioner signed it.[1]

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Missouri criminal cases, a judgment becomes final when sentence is imposed, *State v. Larson*, 79 S.W.3d 891, 893 (Mo. 2002) (en banc), and a notice of appeal must be filed not later than ten days thereafter, Missouri Supreme Court Rule 81.04. Therefore, Petitioner had ten days from October 10, 2013, the date sentence was imposed, to seek direct review of his sentence. Because Petitioner did not seek direct review, judgment became final for purposes of the federal

---

[1] The envelope in which Petitioner mailed his petition is post-marked September 3, 2019 and includes a stamp that the Court received it on September 5, 2019. [ECF No. 1-4.]

habeas statute on October 21, 2013,[2] the date upon which the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Accordingly, the one-year limitation period began to run on that date. However, Petitioner did not file this petition until more than five years after October 21, 2013.

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Therefore, the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002).

Here, Petitioner filed his Missouri post-conviction proceeding within eighteen days of the date the judgment in his criminal case became final. Petitioner's state court post-conviction proceeding remained pending for only fourteen days. Extending the start of the habeas filing period by fourteen days, the period of time Petitioner's state-post conviction proceeding was pending, extends the start of the one-year limitation period from October 21, 2013, to November 4, 2013. Whether the one-year limitations period begins on that date or on the November 22, 2013, date of dismissal of Petitioner's state court post-conviction proceeding, Petitioner did not file this habeas proceeding within a year. Instead, Petitioner filed this habeas case more than five years after November 4, 2013, and after November 22, 2013. It therefore appears that Petitioner's habeas petition is time-barred. The Court orders Petitioner to show cause why this habeas case should not

---

[2] Because October 20, 2013 fell on a Sunday, Petitioner's time for seeking direct review lasted until Monday, October 21, 2013. Mo. Sup. Ct. R. 20.01(a).

be dismissed as untimely filed. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to a petitioner before dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that, **no later than thirty (30) days after the date of this Order**, Petitioner shall show cause, in writing, why his petition should not be dismissed as time-barred.

**Petitioner's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of September, 2019