UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EMMANUEL SANCHEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-2498-PLC |
| | ) | |
| TERI LAWSON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. For the reasons explained below, petitioner Emmanuel Sanchez's Petition for Writ of Habeas Corpus will be dismissed.

Petitioner is a Missouri state prisoner who is proceeding herein pro se and in forma pauperis. He initiated this civil action on August 26, 2019 by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking to challenge a 2013 state court judgment. As fully set forth in this Court's September 12, 2019 order, the Court determined that the petition had been filed after the expiration of the one-year limitations period set forth in 28 U.S.C. § 2244(d). The Court therefore ordered petitioner to show cause why the petition should not be dismissed as untimely. In so doing, the Court cautioned petitioner that his failure to timely respond would result in the dismissal of the petition, without prejudice and without further notice.

On September 30, 2019, petitioner filed a motion asking the Court for an extension of time, to November 12, 2019, to respond to the September 12, 2019 order. In an order dated October 1, 2019, the Court granted petitioner's motion and gave him until November 12, 2019 to file such response. In that order, the Court again cautioned petitioner that his failure to timely respond to the September 12, 2019 order would result in the dismissal of the petition, without prejudice and without further notice. Petitioner's response was due on November 12, 2019, but to date, he has neither responded to the Court's September 12, 2019 order nor sought additional time to do so.

Having carefully considered the petition, the Court concludes that it is time-barred. The Court will therefore summarily dismiss it pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which requires this Court to summarily dismiss a § 2254 petition if it plainly appears the petitioner is not entitled to relief. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (a district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 6th day of December, 2019.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE